UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DIANE T. CLARKE, ILANA KOPMAR, ISAAC
ALTMAN and DAVID ROSENFELD,

                                            Plaintiffs,

                -against-

THE ASSOCIATION OF LEGAL AID ATTORNEYS,
AMALGAMATED LOCAL UNION 2325 OF THE
INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), AFL-CIO, LISA
OHTA, BRET J. TAYLOR, JEREMY BUNYANER,
EMILY C. EATON, MARTYNA KAZNOWSKI,
GILLIAN R. KRESS, IOANA CALIN, and PUJA PAUL,

                                            Defendants.
-------------------------------------------------------------------X

**NOTICE OF REMOVAL OF STATE COURT ACTION**

Case No. 2:23-CV-8869

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE Defendants Association of Legal Aid Attorneys ("ALAA" or "Union"), Lisa Ohta, Bret J. Taylor, Jeremy Bunyaner, Emily C. Eaton, Martyna Kaznowski, Gillian R. Kress, Ioana Calin, and Puja Paul (together, "Individual Defendants") hereby remove to this Court the state court action described below, pursuant to 28 U.S.C. § 1441.

Defendants further state as follows:

1.     Plaintiffs are attorneys employed by Nassau County Legal Aid Society ("NCLAS"), located in Hempstead, New York, within the County of Nassau.

2.     Defendant ALAA is a labor organization within the meaning of the National Labor Relations Act ("NLRA") § 2(5), 29 U.S.C. § 152(5), and represents employees in an industry affecting commerce within the meaning of the NLRA. ALAA is also an unincorporated

association within the meaning of the New York General Associations Law. The Union's main office is in Manhattan, New York. The Individual Defendants are officers of the Union.

3. The Union represents a bargaining unit of employees at NCLAS, including Plaintiffs.

4. The above-entitled action concerns a decision by the Union's Joint Council – a body of elected delegates representing the Union's various chapters – to place a resolution before the full membership for a vote. The resolution concerns the conflict in Israel/Palestine as well as the rights of workers to engage in political speech. The membership vote on the resolution was scheduled for 9:00AM to 5:00PM on November 17, 2023.

5. Plaintiffs filed this action on November 16, 2023 in the Supreme Court for the State of New York, Nassau County. *See* Summons and Verified Complaint, Exhibit A. Plaintiffs' counsel sent the Summons and Verified Complaint to Defendants' counsel by email on the afternoon of November 16. Plaintiffs sought a temporary restraining order (TRO) enjoining Defendants from holding the vote.

6. Plaintiffs allege two causes of action against all Defendants: (1) breach of the duty of fair representation, and (2) breach of contract. *See* Exh. A, ¶¶ 17-27. Plaintiffs claim that holding the vote would breach the Union's duty of fair representation (DFR) and violate contractual obligations contained in the Union's bylaws.

7. Following a brief conference call with counsel on the afternoon of November 17, the Honorable Felice J. Muraca granted the TRO. *See* Order to Show Cause, Exh. B. Judge Muraca ordered the parties to present arguments on November 21, 2023 concerning whether the TRO should be extended. The judge did not make any findings in connection with the granting of the TRO.

8. ALAA stopped the vote upon receiving notice of the TRO, at approximately 4:30PM on November 17.

9. The parties submitted briefs and delivered oral argument in the Nassau County Supreme Court on November 21, 2023. Judge Muraca left the TRO in place pending a decision. The judge did not make any findings on November 21, 2023, and did not set an expiration date for the TRO.

10. Per 28 U.S.C. § 1441, "[r]emoval is appropriate when a state court action could originally have been filed in federal court." *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27 (2d Cir. 1988) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

11. 28 U.S.C. § 1337(a) grants United States District courts original jurisdiction over any civil action or proceeding arising under any Act of Congress regulating commerce. The statutory duty of fair representation (DFR) arises under Section 9 of the NLRA. *Breininger v. Sheet Metal Workers Int'l Ass'n Loc. Union No. 6*, 493 U.S. 67, 83 (1989) ("[F]ederal jurisdiction exists over fair representation claims because the duty is implied from the grant of exclusive representation status, and the claims therefore 'arise under' the NLRA"). As such, U.S. district courts have original jurisdiction over claims that a union breached its DFR.

12. This Petition is filed within thirty (30) days after Defendants received copies of Plaintiffs' complaint, as required by 28 U.S.C. § 1441 and 1446(b).

13. This action was originally filed in a state court in this District. Therefore, venue is proper in this Court as provided by 28 U.S.C. § 1441(a) and 1446(a).

14. No previous petition for removal of this action has been made.

Dated: December 1, 2023
New York, New York

LEVY RATNER, P.C.

_/s/_____

Aleksandr L. Felstiner
Attorneys for Defendants
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)

TO: David A. Smith
     Law Offices of David A. Smith
     Attorneys for Plaintiffs
     500 Old Country Road, Ste. 109
     Garden City, NY 11530

     Clerk of Court
     Supreme Court of the State of New York, County of Nassau
     100 Supreme Court Drive
     Mineola, NY 11501