# Exhibit A

Case 2:23-cv-08869-NJC-ARL    Document 1-1    Filed 12/01/23    Page 2 of 26 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------X

DIANE T. CLARKE,                          **SUMMONS**
ILANA KOPMAR, ISAAC ALTMAN,
DAVID ROSENFELD,                          Defendant's Address:

                                          50 Broadway, Suite 1600
                                          New York, NY 10004

                                          INDEX NO.:

Plaintiffs,

            – against –                   Date Index No.
                                          Purchased/Date of Filing:

THE ASSOCIATION OF LEGAL AID ATTORNEYS,
AMALGAMATED LOCAL UNION 2325 OF THE INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), AFL-CIO, LISA OHTA, BRET J. TAYLOR,
JEREMY BUNYANER, EMILY C. EATON, MARTYNA KAZNOWSKI,
GILLIAN R. KRESS, IOANA CALIN, PUJA PAUL,

Defendants.

------------------------------X

To the above named Defendant:

        YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's
attorney, at his address stated below, an answer to the attached Verified Complaint.

        If this summons was personally served upon you in the State of New York, the
answer must be served within 20 (twenty) days after such service of the summons,
excluding the date of service. If the summons was not personally delivered to you within
the State of New York, the answer must be served within 30 (thirty) days after service of
the summons is compete as provided by law.

        If you do not serve an answer to the attached Verified Complaint within the
applicable time limitation stated above, a judgment may be entered against you, by
default, for the relief demanded in the Verified Complaint, without further notice to you.

        This action will be heard in the Supreme Court of the State of New York, in and
for the County of Nassau.

1

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 3 of 26 PageID #: 7

This action is brought in the Supreme Court of the State of New York, County of Nassau because Plaintiffs principal place of business is at 40 Main Street, 3rd Floor Hempstead, NY 11550, which is in Nassau County, New York; and also because this action is based upon the majority of Plaintiffs' residence, which is Nassau County, New York.

DATED: Garden City, New York
       November 16, 2023

David A. Smith
Law Office of David A. Smith, PLLC
Attorneys for Plaintiff JIN WANG
500 Old Country Road, Suite 109
Garden City, New York 11530
(516) 294-7301

2

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 4 of 26 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DIANE T. CLARKE,
ILANA KOPMAR, ISAAC ALTMAN and
DAVID ROSENFELD,

     Plaintiffs,

        – against –

THE ASSOCIATION OF LEGAL AID
ATTORNEYS, AMALGAMATED LOCAL
UNION 2325 OF THE INTERNATIONAL
UNION, UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), AFL-CIO,
LISA OHTA, BRET J. TAYLOR, JEREMY
BUNYANER, EMILY C. EATON, MARTYNA
KAZNOWSKI, GILLIAN R. KRESS,
IOANA CALIN, PUJA PAUL,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**Verified Complaint Seeking
Temporary Restraining Order,
Injunctive Relief and Damages**

Index No.: _____

     The Verified Complaint of DIANE T. CLARKE, ILANA KOPMAR, ISAAC ALTMAN

and DAVE ROSENFELD respectfully states and alleges that:

**Background, Nature and Purpose of This Action**

     1.     Plaintiffs are attorneys licensed to practice law in the State of New York and are all

currently employed by the LEGAL AID SOCIETY OF NASSAU COUNTY (hereinafter

alternatively "NCLAS"), operating as Public Defenders in and for the County of Nassau within

the State of New York, and each of the Plaintiffs herein are dues-paying members of THE

ASSOCIATION OF LEGAL AID ATTORNEYS AMALGAMATED LOCAL UNION 2325 OF

THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND

-1-

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 5 of 26 PageID #: 9

AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), AFL-CIO, (hereinafter alternatively referred to as UAW Local 2325 (AFL-CIO/CLC) ["ALAA" or "Union"]).

2.     Plaintiffs bring this action, both individually as private citizens, and in their capacities as attorney employees of NCLAS and dues-paying members of ALAA.

3.     As attorney employees of the Legal Aid Society of Nassau County, we are subject to "The Legal Aid Society of Nassau County's Employee Handbook" (hereinafter, "Handbook") which, together with our Collective Bargaining Agreement (hereinafter, "CBA"), determines the terms and conditions of the employment.

4.     As of the date of this writing, Defendant ALAA and the individual Defendants named herein have plans to imminently cause a vote to be scheduled and held, on Friday, November 17, 2023, whereby they seek to obtain the adoption a resolution/statement of principles/release an official statement entitled "Resolution Calling for a Ceasefire in Gaza, an End to the Israeli Occupation of Palestine, and Support for Workers' Political Speech" by the Association of Legal Aid Attorneys, United Auto Workers Local 2325 (hereinafter "the proposed Resolution") on behalf of the Union and its constituent members to be released publicly regarding the events surrounding the unprecedented, brutal and historic terrorist attacks, massacres and crimes against humanity that occurred within the nation of Israel commencing on October 7, 2023, which attacks and crimes against humanity were perpetrated by the group known as "Hamas", which is also ostensibly the governing authority of the part of the Palestinian Territories known as "Gaza", and the events that have unfolded thereafter and in direct response thereto, including armed conflict between the nation of Israel and the group Hamas.   A true copy of the proposed Resolution at issue is annexed hereto as **Exhibit A**.

5.     The proposed Resolution is indistinguishable from similar previously-issued statements by other Unions, organizations and individuals which have created great controversy and division across the United States and the entire world, and have fomented hate and derision towards the nation of Israel, and most significantly as it relates to the relief requested herein, people

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 6 of 26 PageID #: 10

of Jewish descent as a general matter (often referred to pejoratively as "Zionists" in the public sphere) including and especially past, present and prospective future clients of NCLAS.

6.     The Legal Aid Society of Nassau County is a private and not-for-profit organization established pursuant to County Law Article 18-A and County Law §722 for the purpose of providing quality legal services and legal representation to indigent clients who lack the financial resources and wherewithal needed to privately retain and pay their own counsel to represent them, primarily in criminal proceedings under New York State's Criminal Procedure Law ("CPL"), but also in connection with certain limited civil and quasi-criminal matters in Family Courts under New York State's Civil Practice Rules and Procedure ("CPLR") and the Family Court Act ("FCA") and New York State Executive Law ("EL") with the Appellate Courts of New York State.

7.     The State of New York, as well as all other forty-nine (49) States within the United States of America ("USA"), are required to provide counsel to indigent criminal Defendants and certain other qualifying individuals pursuant to the United States Constitution and the landmark 1963 Decision issued by the Supreme Court of the United States of America (hereinafter alternatively "the Supreme Court" or "SCOTUS") in the matter of *Gideon v. Wainwright,* 372 U.S. 335 (1963).  The right to counsel is an individual and absolute right on the part of indigent defendants and other qualifying individuals to have legal counsel appointed for them, and the not-for-profit organization referred to herein, NCLAS, was created for the specific purpose of fulfilling New York State's obligations to its qualifying citizens – as is required by the aforementioned SCOTUS Decision issued in the matter of *Gideon v. Wainwright* – to provide said qualifying individuals with quality legal representation, thereby guaranteeing them, *inter alia,* a fair trial.

8.     NCLAS represents clients of all backgrounds, races, religions, ethnicities and national origins, including, most relevantly as it relates to the instant proceeding, Jewish clients (whether practicing or non-practicing, atheist or agnostic, or simply by virtue of being deemed to be "culturally Jewish" or "ethnically Jewish"), as well as Muslim clients, clients of Arab descent and those of Palestinian descent, to each of whom they owe an equal duty of undivided loyalty,

-3-

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 7 of 26 PageID #: 11

fidelity and zealous advocacy under New York State's Rules of Professional Conduct, 22 N.Y.C.R.R. Part 1200.

9.      As set forth in greater detail, *infra*, the relief requested herein is not only necessary, but paramount, in order for New York State, through NCLAS, to be able to satisfy its obligations under *Gideon v. Wainright* to indigent clients and to provide this level of representation of such a diverse array of indigent clients.   Moreover, as it relates to the instant proceeding, the adoption of the proposed Resolution would deprive Plaintiffs of the ability to avoid irreconcilable conflicts of interest and the appearance thereof with present and future prospective clients, creating an impossible ethical dilemma for them and thereby making it impossible for them to properly do their job as Public Defenders.

10.      As a result of the foregoing, any failure to grant the relief requested herein will fatally undermine NCLAS' mission and its ability, and the ability of Plaintiffs as individual attorneys, on behalf of the State of New York, to provide proper and constitutionally-mandated representation to *all* of its clients, including and especially as it relates to the matters addressed herein, Jewish clients (whether they be practicing or non-practicing, atheist and/or agnostic "culturally" Jewish clients and/or those who are, or who are even considered to be, of ethnically Jewish descent), also thereby depriving entire swathes of past, present and future indigent clients from the confidence that they will be afforded their constitutional rights under *Gideon v. Wainright* and be provided with proper and adequate legal representation by both (a) attorneys and staff employed by NCLAS, and (b) members of ALAA 2325.

11.      It is imperative in this regard to note that unlike other unions, *our members are attorneys licensed to practice law within the State of New York*.   As such, each of we attorneys have a professional and ethical duty to not only avoid representing clients when there exists an *actual* conflict of interest between the attorney and client, but also when the mere *appearance* of a conflict and/or the mere *appearance* of impropriety is present.

12.      The Plaintiffs herein, in their individual capacities, as employees of the LEGAL

-4-

AID SOCIETY OF NASSAU COUNTY, and as current, dues-paying members of ALAA 2325, have standing to bring this proceeding against ALAA 2325.

13.     The relief requested herein is for the Court to make and issue a Decision and Order granting the following relief:

(a)     That the Court issue a Temporary Restraining Order in the proposed Order to Show Cause submitted simultaneously herewith temporarily restraining and enjoining the Defendants named herein, and each of them, from distributing for a vote to the membership of the Association of Legal Aid Attorneys, or otherwise causing to be distributed or disseminated to the said membership or putting to a vote by such members, a certain document entitled "Resolution Calling for a Ceasefire in Gaza, an End to the Israeli Occupation of Palestine"; and

(b)     That the Court issue a permanent injunction restraining and enjoining the Defendants named herein, and each of them, from distributing for a vote to the membership of the Association of Legal Aid Attorneys, or otherwise causing to be distributed or disseminated to the said membership or putting to a vote by such members, a certain document entitled "Resolution Calling for a Ceasefire in Gaza, an End to the Israeli Occupation of Palestine";

(c)     Awarding compensatory damages to Plaintiffs in an amount to be determined at trial based upon Plaintiffs' First Cause of Action – Breach of Duty of Fair Representation;

(d)     Awarding compensatory damages to Plaintiffs in an amount to be determined at trial based upon Plaintiffs' Second Cause of Action – Breach of Contract; and

(e)     Granting Plaintiffs such other, further and different relief as to the Court seems just and proper.

14.     The reasons why this relief is urgently necessary and must be granted, and a

-5-

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 9 of 26 PageID #: 13

description of the harm each of the Plaintiffs will suffer if the Resolution is passed by ALAA are more fully set forth, *infra*.

### Venue is Properly in Nassau County

15.     Nassau County is the proper venue for this matter because Plaintiffs are employed within the State of New York in the County of Nassau, and because NCLAS is a not-for-profit organization with general offices located within the County of Nassau at 40 Main Street, 3rd Floor, Hempstead, New York, 11550 and the ALAA is located at 50 Broadway, Suite 1600, New York, NY 10004. Moreover, the imminent and irreparable harm faced by Plaintiffs relates to events that are scheduled to transpire within Nassau County, more specifically the Resolution referred to herein.

16.     The names and email addresses of the Defendants herein are as follows:

BRET J. TAYLOR
Financial Secretary-Treasurer
Association of Legal Aid Attorneys
btaylor@alaa.org

JEREMY BUNYANER
Guide
Association of Legal Aid Attorneys
jbunyaner@gmail.com

LISA OHTA
President
Association of Legal Aid Attorneys
lohta@alaa.org

EMILY C. EATON
Recording Secretary
Association of Legal Aid Attorneys
eeaton37@gmail.com

MARTYNA KAZNOWSKI
Sergeant-at-Arms
Association of Legal Aid Attorneys
martynakaznowski@gmail.com

GILLIAN R. KRESS
Trustee
Association of Legal Aid Attorneys
gillian.kress@gmail.com

IOANA CALIN
Trustee
Association of Legal Aid Attorneys
ioana.calin@gmail.com

PUJA PAUL
Trustee
Association of Legal Aid Attorneys
pujapaul@gmail.com

**As and for a First Cause of Action: Breach of Duty of Fair Representation**

17.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 15 as though they were fully and explicitly set forth herein.

18.     Defendants, as a labor organization and officers, have a duty of fair representation to Plaintiffs, as members of that labor organization.

19.     Defendants have breached, and imminently will continue to breach, that duty by virtue of the conduct set forth above, which was, and imminently will continue to be, arbitrary, discriminatory, and/or in bad faith.

20.     As a result of Defendants' arbitrary, discriminatory, and bad faith misconduct, Plaintiffs have suffered and/or imminently will suffer harm in their relationship with their employer NCLAS, their employer's continued ability to employ them, their relationships with current and/or future clients, their professional standing, and their reputation among potential future employers.

21.     Plaintiffs are entitled to compensatory damages in an amount to be determined at trial, as well as a permanent injunction enjoining Defendants from their continued and planned

-7-

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 11 of 26 PageID #: 15

misconduct.

## As and for a Second Cause of Action: Breach of Contract

22.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 20 as though they were explicitly set forth herein.

23.     The constitution and bylaws of UAW and ALAA 2325 are contracts containing legally enforceable promises, including and/or illuminated by a statement of purpose to, *inter alia*, "improve the … professional standing of members" and "ensure the provision of high-quality legal services to our clients."

24.     Plaintiffs are dues-paying members in good standing of the Union and have given valid consideration for such promises.

25.     Defendants have breached those promises and imminently will continue to breach those promises.

26.     As a result of Defendants' breach of their contractual promises, Plaintiffs have suffered and/or imminently will suffer harm in their relationship with their employer NCLAS, their employer's continued ability to employ them, their relationships with current and/or future clients, their professional standing, and their reputation among potential future employers.

27.     Plaintiffs are entitled to compensatory damages in an amount to be determined at trial, as well as a permanent injunction enjoining Defendants from their continued and planned misconduct.

## The Urgent Need for a Temporary Restraining Order and an Injunction

28.     Plaintiffs repeat and restate the allegations set forth at paragraphs "1" through "27" as if same were fully set forth herein.

29.     The proposed Resolution at issue in the instant matter relates to the events surrounding the unprecedented, brutal and historic terrorist attacks and crimes against humanity

-8-

that occurred within the nation of Israel commencing on October 7, 2023, which attacks and crimes against humanity were perpetrated by the group known as "Hamas", which is also ostensibly the governing authority of the part of the Palestinian Territories known as "Gaza", and the events that have unfolded thereafter and in direct response thereto, including armed conflict between the nation of Israel and Hamas.

30.     The background events, facts and circumstances surrounding the urgent need for the relief requested herein are set forth in detail, *supra*.   In the event that the requests for a Temporary Restraining Order and injunctive relief requested herein are not granted by the Court, Plaintiffs will suffer massive, immediate and irreparable reputational, professional and personal harms, both as individuals, members of the New York State Bar, and in connection with both internal and external future employment and career advancement prospects and opportunities.

31.     Moreover, failure to grant the relief requested herein will render it impossible for attorneys employed by NCLAS, including Plaintiffs, to carry out their duties to their clients and to uphold their ethical obligations to past, present and future prospective clients, thereby depriving them of the ability to zealously represent *all* of their clients, regardless of the said clients' background, religion, race, ethnicity, national origin, citizenship status, etc.   More generally, by mere virtue of being employees of NCLAS and dues-paying members of UAW ALAA Local 2325 on the date and time that the vote on the Resolution referred to herein is taken, Plaintiffs would be placed in a grossly compromised potential position, even in the future if engaged in the private practice of law, if and when they accept employment outside of NCLAS.

32.     The proposed Resolution, if implemented, will also potentially irreparably damage the professional reputations of Plaintiffs and their relationships with jurists and fellow members of the bar who are Jewish and who may take great offense to the said Resolution.

33.     In other words, the stench of extreme, rank antisemitism will attach to each and every attorney at NCLAS who is a member of UAW ALAA Local 2325, and will follow them and haunt them all for the remainder of their lives and careers, even if and when they were to leave NCLAS for other career opportunities.   They will forever be tarnished by the Union's actions if this vote were to proceed, notwithstanding their vehement condemnation of, and opposition to, the proposed Resolution and the objectively antisemitic and hateful nature of the contents thereof.

34.     As a matter of pure public policy, failure to grant the relief requested herein could prevent individuals, primarily past, present and prospective future Jewish clients, who otherwise might qualify for the appointment of a Public Defender to represent them, from having equal access to justice under the law and within the Courts of the State of New York (or, quite notably, the mere *appearance* of being deprived of equal justice under the law).

35.     These are not hypothetical harms that Plaintiffs will suffer, as similar resolutions have been adopted not only by other Unions and organizations generally, but Unions representing various Counties' Legal Aid Societies within the State of New York, and anyone paying attention knows that the backlash against such antisemitic statements and Resolutions has been swift and severe.   In fact, there have been several notorious such incidents involving the Legal Aid Societies of other counties within the State of New York reported in the press.

36.     One particularly notorious such instance involved an attorney employed by the Legal Aid Society of New York County named Victoria Ruiz, who was caught on camera tearing down pictures of hostages taken by Hamas (*See,* https://www.thejc.com/news/world/new-york-lawyer-apologises-after-ripping-down-posters-of-israelis-kidnapped-by-hamas-7q8MLuN88nLDqPIp4q9jOi), and who ultimately resigned from the New York County Legal Aid Society as a result of her actions.

-10-

37.     As far as reputational damage is concerned, in very short order after such statements and Resolutions are made public, the tendency of the media and large social media accounts with massive platforms, has been to not only publish the name of the relevant individuals and/or organizations issuing such statements and Resolutions, but to list the names of each and every constituent member of those organizations, whether they be professional organizations or even student groups operating on college campuses.   In this regard, the cliché that people are typically first exposed to as pre-teens and told repeatedly over the ensuing years applies; to wit: "The internet is forever", meaning that even if a current employee of NCLAS were to pursue other employment opportunities some 10, 15, 20 years or more from now, their names will appear in search results as having been associated with the proposed Resolution.

### Likelihood of Success on the Merits

38.     For all of the reasons set forth herein, Plaintiffs are likely to ultimately succeed on the merits in connection with the relief requested herein.   As a threshold matter, and as hereinbefore explained, this case does not involve hypothetical or potential harms that might _possibly_ be suffered by Plaintiffs (to say nothing of the individuals who otherwise would qualify for the appointment of a Public Defender to be provided by NCLAS), but _guaranteed harms_, a proposition supported many times over by the existence of such harms being suffered by individual members of various groups releasing nearly-identical statements/Resolutions.

39.     This has played out repeatedly in nearly each and every similar instance where a group or organization has released such a statement/Resolution.   From a mere perusal of media reports regarding countless similar situations, it is a virtual guarantee that the names, addresses and private/personal identifying information of the attorneys employed by NCLAS will be released

publicly by media outlets and on social media (sometimes this practice is referred to colloquially as "doxing"), causing not only career/reputational harm as hereinbefore stated, but also putting their lives, health, safety and physical and mental well-being at direct, severe and imminent risk.

40.     In any event, there is no question but that the release of such a statement/Resolution containing unambiguous, rank antisemitism will, at a bare minimum, create the _appearance_ of a conflict of interest and the _appearance_ of impropriety.   This will render it impossible for lawyers employed by NCLAS to ethically represent essentially _any_ clients of Jewish descent who would otherwise qualify for the appointment of a Public Defender without, at a bare minimum, disclosing to Jewish clients the nature of the conflict and ethical issues that arise by mere virtue of the fact that any given NCLAS attorney is, or previously had been, a member of an organization that had released such a venomously antisemitic statement/Resolution.

41.     Such an outcome would unquestionably deprive such individuals of their unassailable rights and protections afforded to them under the United States and New York Constitutions, and by the SCOTUS Decision in the matter of _Gideon v. Wainright_, and would more generally cause the general public, most notably citizens and residents of the County of Nassau, to entirely lose faith in the ability of NCLAS (and the individual attorneys employed by NCLAS) to carry out their constitutional mandate.

### _The Nature of the Harm to Plaintiffs is Irreparable_

42.     The potential harm and damage to Plaintiffs is irreparable, in that it will likely be exceedingly difficult – in fact, most likely impossible – to ever remove the stench of rank antisemitism from Plaintiffs and those similarly-situated by virtue of their names becoming associated with the vile contents of this Resolution in the event that it is passed.   As hereinbefore

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 16 of 26 PageID #: 20

stated, it is a cliché that most individuals learn as small children that "The internet is forever",

meaning that a simple Google search of the individual attorneys' names conducted many years

from now will still produce search results that associate them as individuals and as attorneys with

rank, venomous antisemitism associated with the proposed Resolution of UAW ALAA Local

2325. This will happen to Plaintiffs and others similarly-situated regardless of the Plaintiffs'

vehement personal disagreement with the Union's actions and the Union's proposed Resolution at

issue in the instant matter.

43.     The foregoing is true not only *in practice*, but also *in perception*, in that – regardless

of whether any valid arguments can be made supporting the proposition that the Resolution is

somehow not overtly antisemitic – it is *perceived* by members of the public at large as overtly

antisemitic.

### *Balancing of the Equities*

44.     Finally, any balancing of the equities favor the Court's granting of the interim relief

requested herein. Simply stated, it is most decidedly *not* within the mission statement of either

NCLAS or UAW ALAA Local 2325 to release such inherently-controversial statements and/or

Resolutions about international events occurring on the other side of the planet. As such, no

articulable "rights" on the part of NCLAS and/or UAW ALAA Local 2325, or the leadership

thereof, would be infringed by the Court's granting of the relief requested herein.

45.     On the other hand, it is patently unfair and unacceptable for attorneys employed by

NCLAS and dues-paying members of ALAA to forever be associated with, and tainted by the

stench of, the overtly antisemitic nature of the contents of the Resolution; a Resolution which, once

again, has absolutely nothing to do, whatsoever, with the mission statement and purpose of either

the NCLAS or the ALAA.

-13-

46.     Finally as it relates to the balancing of the equities herein, Defendants cannot articulate any harm that would be suffered by them by virtue of the granting of the Temporary Restraining Order requested herein.   More specifically, even in the event that this Court were to ultimately deny the Plaintiffs' request for a permanent injunction herein, there is no articulable "harm" that might be suffered by Defendants by mere virtue of any such vote on the Resolution being temporarily delayed.   Simply stated, the stakes are just too high in this matter.

47.     Plaintiffs have no adequate remedy at law that would otherwise remediate or protect against the imminent, severe and permanent harm that they will suffer and/or make them whole in the event that the relief requested herein is not granted.

48.     For all of the above-stated reasons, a Temporary Restraining Order and Injunction must be granted, restraining and enjoining ALAA as requested herein, and for all of the reasons, facts and circumstances set forth herein.

## No Previous Application Made For the Relief Requested Herein

49.     No previous application has been made to this Court or any other Court for any of the relief requested herein and no provisional remedies are requested herein other than the requests for a Temporary Restraining Order and Injunction that are specifically-stated and pleaded herein.

WHEREFORE, your Plaintiffs request that the Court sign the Order to Show Cause submitted herewith requiring the Defendants named herein to SHOW CAUSE why the relief requested herein should not be granted, namely that the Court make and issue a Decision and Order granting the following relief:

(a)     That the Court issue a Temporary Restraining Order in the proposed Order to Show Cause submitted simultaneously herewith temporarily restraining and enjoining the Defendants named herein, and each of them, from distributing for a vote to the

-14-

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 18 of 26 PageID #: 22

membership of the Association of Legal Aid Attorneys, or otherwise causing to be distributed or disseminated to the said membership or putting to a vote by such members, a certain document entitled "Resolution Calling for a Ceasefire in Gaza, an End to the Israeli Occupation of Palestine"; and

(b) That the Court issue a permanent injunction restraining and enjoining the Defendants named herein, and each of them, from distributing for a vote to the membership of the Association of Legal Aid Attorneys, or otherwise causing to be distributed or disseminated to the said membership or putting to a vote by such members, a certain document entitled "Resolution Calling for a Ceasefire in Gaza, an End to the Israeli Occupation of Palestine";

(c) Awarding compensatory damages to Plaintiffs in an amount to be determined at trial based upon Plaintiffs' First Cause of Action – Breach of Duty of Fair Representation;

(d) Awarding compensatory damages to Plaintiffs in an amount to be determined at trial based upon Plaintiffs' Second Cause of Action – Breach of Contract; and

(e) Granting Plaintiffs such other, further and different relief as to the Court seems just and proper.

Dated:      Garden City, New York
November 16, 2023

David A. Smith, Esq.
Law Office of David A. Smith, PLLC
*Attorneys for Plaintiffs*
500 Old Country Road, Suite 109
Garden City, New York 11530
(516) 294-7301

-15-

## **VERIFICATION**

STATE OF NEW YORK       )

                                 ) ss:

COUNTY OF NASSAU       )

DIANE T. CLARKE, being duly sworn, deposes and says that she is a Plaintiff in the within action; that she has read the foregoing Verified Complaint; and that the same is true of her own knowledge, except as to the matters therein stated be alleged on information and belief; and that as to those matters she believes them to be true.

DIANE T. CLARKE

Sworn to before me this
_16_ day of November, 2023.

Notary Public

DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2014 202C

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 20 of 26 PageID #: 24

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )


ILANA KOPMAR, being duly sworn, deposes and says that she is a Plaintiff in

the within action; that she has read the foregoing Verified Complaint; and that the same

is true of her own knowledge, except as to the matters therein stated be alleged on

information and belief; and that as to those matters she believes them to be true.


_____
ILANA KOPMAR



Sworn to before me this
_16_ day of November, 2023.


_____
Notary Public



DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2014   2026

## VERIFICATION

STATE OF NEW YORK     )
                                 ) ss:
COUNTY OF NASSAU      )


      ISAAC ALTMAN, being duly sworn, deposes and says that he is a Plaintiff in the

within action; that he has read the foregoing Verified Complaint; and that the same is

true of his own knowledge, except as to the matters therein stated be alleged on

information and belief; and that as to those matters he believes them to be true.

                                         ISAAC ALTMAN



Sworn to before me this
_____ day of November, 2023.


Notary Public

DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2024 2026

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 22 of 26 PageID #: 26

## VERIFICATION

STATE OF NEW YORK      )
                           ) ss:

COUNTY OF NASSAU      )


DAVID ROSENFELD, being duly sworn, deposes and says that he is a Plaintiff in

the within action; that he has read the foregoing Verified Complaint; and that the same

is true of his own knowledge, except as to the matters therein stated be alleged on

information and belief; and that as to those matters he believes them to be true.

DAVID ROSENFELD



Sworn to before me this
_16_ day of November, 2023.


Notary Public


DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, ~~2014~~
202_6_

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 23 of 26 PageID #: 27

## VERIFICATION

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF NASSAU           )


DIANE T. CLARKE, being duly sworn, deposes and says that she is a Plaintiff in

the within action; that she has read the foregoing Verified Complaint; and that the same

is true of her own knowledge, except as to the matters therein stated be alleged on

information and belief; and that as to those matters she believes them to be true.

DIANE T. CLARKE


Sworn to before me this
_16_ day of November, 2023.

Notary Public

DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2014
202C

Case 2:23-cv-08869-NJC-ARL Document 1-1 Filed 12/01/23 Page 24 of 26 PageID #: 28

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )


ILANA KOPMAR, being duly sworn, deposes and says that she is a Plaintiff in

the within action; that she has read the foregoing Verified Complaint; and that the same

is true of her own knowledge, except as to the matters therein stated be alleged on

information and belief; and that as to those matters she believes them to be true.

ILANA KOPMAR


Sworn to before me this
16 day of November, 2023.

Notary Public


DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2015 2026

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 25 of 26 PageID #: 29

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )

ISAAC ALTMAN, being duly sworn, deposes and says that he is a Plaintiff in the

within action; that he has read the foregoing Verified Complaint; and that the same is

true of his own knowledge, except as to the matters therein stated be alleged on

information and belief; and that as to those matters he believes them to be true.

_____
ISAAC ALTMAN

Sworn to before me this
_16th_ day of November, 2023.

_____
Notary Public

DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2011

2020

Case 2:23-cv-08869-NJC-ARL   Document 1-1   Filed 12/01/23   Page 26 of 26 PageID #: 30

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )


     DAVID ROSENFELD, being duly sworn, deposes and says that he is a Plaintiff in the within action; that he has read the foregoing Verified Complaint; and that the same is true of his own knowledge, except as to the matters therein stated be alleged on information and belief; and that as to those matters he believes them to be true.


DAVID ROSENFELD


Sworn to before me this
16 day of November, 2023.

Notary Public

DAVID A. SMITH
Notary Public, State of New York
No. 4922656
Qualified in Nassau County
Commission Expires Feb. 16, 2014
2020