UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
X DIANE T. CLARKE, ILANA KOPMAR, ISAAC
ALTMAN and DAVID ROSENFELD,

    Plaintiffs,

        -against-

THE ASSOCIATION OF LEGAL AID ATTORNEYS,
AMALGAMATED LOCAL UNION 2325 OF THE
INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), AFL-CIO, LISA
OHTA, BRET J. TAYLOR, JEREMY BUNYANER,
EMILY C. EATON, MARTYNA KAZNOWSKI,
GILLIAN R. KRESS, IOANA CALIN, PUJA PAUL,

    Defendants.
-------------------------------------------------------------------------X

**Declaration of Lisa Ohta
In Support of Defendants'
Motion to Dissolve the TRO**

Case No. 2:23-cv-08869
(NJC) (ARL)

I, LISA OHTA, declare as follows:

    1.    I am the President of Defendant ASSOCIATION OF LEGAL AID ATTORNEYS AMALGAMATED LOCAL UNION 2325 OF THE INTERNATIONAL UNION, UNITED AUTOMOBILE AEROSPACE AND AGRICULTRUAL IMPLEMENT WORKERS OF AMERICA (UAW), AFL-CIO ("Union" or "ALAA"), and an individually named Defendant in the above-captioned matter. I am also an attorney admitted to practice law in the State of New York. I submit this Declaration in support of Defendants' Motion to Dissolve the Temporary Restraining Order. I have personal knowledge of the matters described in this Declaration.

    2.    ALAA is a local labor union affiliated with the UAW, with offices at 50 Broadway, New York, New York, 10004. ALAA is an unincorporated association within the meaning of the New York General Associations Law.

1

3. ALAA represents more than 2,700 attorneys and legal staff members – including paralegals, social workers, investigators, interpreters, legal advocates, counselors, administrative employees, and receptionists – at more than 20 non-profit employers in the New York City metropolitan area and beyond. The members at each employer form a "Chapter" within ALAA.

4. The other named Defendants in this action are also Officers of the Union. Specifically, Defendant BRET TAYLOR is the Financial Secretary-Treasurer of ALAA and, like me, is a full time Union officer. Defendant JEREMY BUNYANER is the ALAA Guide and is a full-time Staff Attorney at CAMBA Legal Services ("CLS"); Defendant EMILY C. EATON is the ALAA Recording Secretary and is a full-time Staff Attorney at the Legal Aid Society of New York ("LAS"); Defendant MARTYNA KAZNOWSKI is the ALAA Sergeant-at-Arms and is full time Staff Attorney at New York Legal Assistance Group ("NYLAG"); Defendant GILLIAN R. KRESS is an ALAA Trustee and a full-time Staff Attorney at LAS; Defendant IOANA CALIN is an ALAA Trustee and a full-time Staff Attorney at LAS; and Defendant PUJA PAUL is an ALAA Trustee and a full-time paralegal at NYLAG.

5. ALAA is governed by the UAW Constitution and its own By-Laws, which are attached hereto as Exhibits A and B, respectively.

6. ALAA By-Laws describe the Union's purposes, including "to advance the economic, social, political and cultural interests of our members," "to advocate through political outreach for the advancement of the interest of our membership, our clients and of poor and working people in general," and "to protect all members from illegal, improper, arbitrary or discriminatory treatment." Exhibit B, Article III, p. 1.

7. ALAA By-Laws provide that the membership is the highest authority within the Union and "has authority to determine critical issues" including, but not limited to, ratifying contracts, striking, and election of union officers. Exhibit B, Article IV, pp. 1-2.

8. The ALAA Joint Council is the highest authority after the membership and is composed of the Union's Officers as well as a number of delegates from each ALAA Chapter, based upon apportionment rules set forth in the By-Laws. Exhibit B, Article VI, pp. 4-5.

9. Following the violent events of October 7, 2023, the membership of several ALAA Chapters drafted various statements/resolutions regarding Israel/Palestine. These statements were not approved by ALAA and were issued by each of the Chapters in their own names (e.g., "The Bronx Defenders Union" or "CAMBA Legal Service Workers United").

10. On or about November 6, 2023, a delegate[1] at the CLS Chapter sent me an email notifying me that the membership at CLS voted to bring to Joint Council a motion to hold a vote of the full ALAA membership on whether to adopt a resolution regarding Israel/Palestine. I also learned that other Chapters, including those at NYLAG, Bronx Defenders ("BxD"), and the Office of Appellate Defenders ("OAD"), similarly discussed bringing that motion to the Joint Council.

11. On or about November 13, 2023 Defendant Eaton, the ALAA Recording Secretary, sent an email notice to all ALAA members regarding a Joint Council Meeting to be held on November 14, 2023 at 6:00 PM. That notice is attached hereto as Exhibit C. The Notice included a *Proposed ALAA Resolution Calling for a Ceasefire in Gaza, an End to the Israeli*

---

[1] Delegates are elected by the members of an ALAA chapter to serve as representatives within that chapter. They are akin to shop stewards.

*Occupation of Palestine, and Support for Workers' Political Speech* ("Resolution"), attached hereto as Exhibit D.

12. Joint Council meetings are open to all ALAA members and members may participate in discussion at the meetings. Only delegates to the Joint Council are permitted to vote on motions.

13. At the Joint Council meeting on November 14, 2023 a delegate from ALAA's BxD Chapter made a motion to hold a full membership vote on November 17, 2023 on whether to adopt the Resolution. The motion was seconded and the members in attendance engaged in a robust discussion of the motion. Approximately 250 members attended the meeting. Members spoke out both in favor of and opposed to the motion. At least one delegate from Plaintiffs' Chapter, Nassau County Legal Aid Society ("NCLAS"), was present at the November 14, 2023 Joint Council meeting.

14. During the discussion a motion was made to end the debate, which required a two-thirds majority. That motion passed.

15. The Joint Council then voted on the underlying motion to hold a membership vote on whether to adopt the Resolution. That motion passed by a vote of 108 to 13, with 8 abstentions.

16. The Union used Election Runner, an electronic voting platform, to conduct the membership vote. ALAA uploaded membership data (names and email addresses) into the Election Runner system.

17. Plaintiffs filed the above-captioned action in the Supreme Court for the State of New York, Nassau County, at approximately 2:00 PM on November 16, 2023, the day before the vote. The Summons and Verified Complaint is attached hereto as Exhibit E.

18. The voting commenced at 9:00 AM on November 17, 2023 when Election Runner sent an email to each member that included voting instructions and a link to the secret ballot. No ALAA officer, staff member, or union member can see how any individual member voted. Voting was scheduled to close at 5:00 PM on November 17, 2023.

19. At approximately 4:36 PM on November 17, 2023 I was notified by ALAA counsel that the state court had issued a temporary restraining order (TRO) that prohibited ALAA from continuing with the vote pending further determination. The TRO is attached as Exhibit F hereto.

20. ALAA immediately ordered that the voting be closed, and voting ceased at approximately 4:39 PM. No interim vote count was communicated to the ALAA by Election Runner.

21. As an advocacy organization, ALAA often expresses positions on matters of public concern that affect our members, the clients they represent, and the communities they serve. For example, ALAA has passed resolutions and/or issued statements on criminal justice, health care, housing, human rights, and international affairs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: <u>December 5, 2023</u>

_____
Lisa Ohta, President
Association of Legal Aid Attorneys,
Amalgamated Local 2325, UAW
50 Broadway, Suite 1600
New York, New York 10004
(212) 343-0708
lohta@alaa.org

5