# Levy Ratner

*Attorneys*
—

| | | |
|---|---|---|
| Daniel J. Ratner | Robert H. Stroup | Kimberly A. Lehmann* |
| Pamela Jeffrey | Dana E. Lossia■ | Aleksandr L. Felstiner• |
| Carl J. Levine* | Micah Wissinger | Jessica I. Apter* |
| David Slutsky* | Ryan J. Barbur | Geoffrey A. Leonard♦ |
| Allyson L. Belovin | Laureve D. Blackstone* | |

*Of Counsel*
—

Patricia McConnell
Linda E. Rodd

*Special Counsel*
—

Richard A. Levy
Daniel Engelstein
Richard Dorn

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175

o  212.627.8100
f  212.627.8182
levyratner.com

December 7, 2023

**BY ECF**

Hon. Nusrat J. Choudhury
100 Federal Plaza
Central Islip, NY 11722

  **Re:**  **Clarke et al. v. ALAA (2:23-cv-08869)**
      **Request for Pre-Motion Conference on Defendants' Motion to Dismiss**

Dear Judge Choudhury:

  This firm represents Defendant Association of Legal Aid Attorneys ("ALAA" or "Union") and individual Defendants Lisa Ohta, Bret J. Taylor, Jeremy Bunyaner, Emily C. Eaton, Martyna Kaznowski, Gillian R. Kress, Ioana Calin, and Puja Paul (collectively, "Defendants") in the above-referenced matter. Pursuant to Rule 5.1 of your Honor's Individual Rules for Civil and Criminal Cases, Defendants submit this letter requesting a pre-motion conference on Defendants' anticipated motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6).

  In sum, Defendants will move to dismiss because (1) Plaintiffs have not alleged facts to support the necessary elements of their two causes of action (2) the primary relief Plaintiffs seek is barred by the First Amendment; and (3) Plaintiffs cannot maintain certain claims against individual Defendants.

**Summary of Facts Taken from the Complaint**

  Plaintiffs work as attorneys at Nassau County Legal Aid Society (NCLAS). They are ALAA members. ALAA is a local labor union affiliated with the United Auto Workers (UAW). The individual Defendants are ALAA officers.

  The Union planned to put a resolution ("Resolution") to a vote of the full ALAA membership. The Resolution concerns the ongoing conflict in Israel/Palestine, as well as discrimination against workers' political speech. ALAA bylaws designate the membership as the Union's highest authority.

Plaintiffs object to the content of the Resolution. They seek a permanent injunction on the vote and any dissemination or distribution of the Resolution to members, as well as compensatory damages. Their two underlying causes of action are breach of the Union's duty of fair representation (DFR) and breach of contract based on ALAA bylaws.[1]

### Plaintiffs Have Not Pleaded Conduct Constituting a Breach of the Union's DFR, Nor Have They Pleaded Cognizable Injury Caused by the Alleged Breach

To establish a breach of the DFR claimants must show that their union acted arbitrarily, discriminatorily, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). The only conduct by Defendants that Plaintiffs allege is a plan to hold a membership vote on the Resolution, obtain adoption of the Resolution, and distribute the Resolution publicly. Accordingly, these are the only acts upon which Plaintiffs can base their DFR claim. The Court cannot infer from these allegations alone that Defendants acted arbitrarily, discriminatorily, or in bad faith.

Plaintiffs plead no facts to suggest that Defendants acted arbitrarily in bringing the Resolution to a vote. In fact, they assert nothing irregular about the process. Plaintiffs do not allege that Defendants discriminated against them with respect to membership benefits, representation rights, or terms and conditions of work. That Plaintiffs disagreed with the content of the Resolution does not mean Defendants discriminated against them within the meaning of federal labor law. Finally, Plaintiffs plead no misrepresentations, concealments, or any other traditional indicia of bad faith.

A DFR claimant must also "demonstrate a causal connection between the union's wrongful conduct <u>and their injuries</u>." *Spellacy v. Airline Pilots Association*, 156 F.3d 120, 126 (2d Cir. 1998) (emphasis added). Plaintiffs have not pleaded any cognizable injury or loss. All their alleged injuries are future, speculative harms.

### Plaintiffs Identify No Enforceable Contract Promises or Concrete Damages, and Have Not Met the *Martin v. Curran* Pleading Standard for State-Law Claims Against Unincorporated Associations

Plaintiffs assert a breach of contract based on the Union's bylaws, but do not identify any bylaw provision that creates an enforceable promise, nor do they allege any concrete damages resulting from the alleged breach. No provision in the bylaws could be reasonably interpreted to

---

[1] Plaintiffs included the Resolution as an exhibit to their Complaint, and reference it throughout, so it is properly before the Court on Defendants' Motion to Dismiss. Similarly, Plaintiffs rely upon and quote the ALAA bylaws and the constitution of ALAA's parent union, the UAW, so the Court may consider those documents without converting Defendants' motion to one for summary judgment.

prohibit the vote. Plaintiffs cannot point to any plausible breach of contract. To the contrary, the bylaws invest the membership with the highest authority in the Union.

Moreover, contract damages "may not be merely speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes." *Kenford Co. v. Erie Cnty.*, 67 N.Y.2d 257, 261 (1986). All the harms Plaintiffs allege are remote, speculative, and dependent on intervening causes.

The breach-of-contract claim also fails on its face because ALAA is an unincorporated association and Plaintiffs do not plead (and cannot show) that every ALAA member authorized or ratified the conduct. *See* New York General Associations Law, § 13; *Martin v. Curran*, 303 N.Y. 276 (1951).

### A Permanent Injunction Would Violate Defendants' Constitutional Rights

Plaintiffs seek a permanent injunction prohibiting Defendants from holding the vote or distributing the Resolution to the membership. Distribution of the Resolution and voting upon it represent expression protected by the First Amendment to the U.S. Constitution. The permanent injunction Plaintiffs demand would be an invalid prior restraint on speech, in violation of the constitutional rights of Defendant ALAA and its members. *See Metro. Opera Ass'n v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001). Moreover, it would represent a viewpoint-based restriction on speech that could never survive strict scrutiny. *See Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995).

### No DFR Claim Lies Against the Individual Defendants

Individual union officers cannot be sued for breach of DFR. *See Morris v. Loc. 819, Int'l Bhd. of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999). To the extent individual officers may be sued for breach of a union constitution, the breach-of-contract claims should still be dismissed for failure to allege an enforceable promise or concrete damages.

Respectfully submitted,

Aleksandr L. Felstiner