# Levy Ratner

**Attorneys**

| | | |
|---|---|---|
| Daniel J. Ratner | Robert H. Stroup | Kimberly A. Lehmann* |
| Pamela Jeffrey | Dana E. Lossia■ | Aleksandr L. Felstiner● |
| Carl J. Levine* | Micah Wissinger | Jessica I. Apter* |
| David Slutsky* | Ryan J. Barbur | Geoffrey A. Leonard♦ |
| Allyson L. Belovin | Laureve D. Blackstone* | |

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175

o 212.627.8100
f 212.627.8182
levyratner.com

**Of Counsel**

Patricia McConnell
Linda E. Rodd

**Special Counsel**

Richard A. Levy
Daniel Engelstein
Richard Dorn

December 8, 2023

**BY ECF**

Hon. Nusrat J. Choudhury
100 Federal Plaza
Central Islip, NY 11722

      Re:      **Clarke et al. v. ALAA (2:23-cv-08869)**
                  **Response to Plaintiff Diane Clarke Smith's Letter of December 7, 2023**

Dear Judge Choudhury:

      We write on behalf of Defendants in response to the letter submitted by Plaintiff Diane Clarke Smith on December 7, 2023 concerning Defendants' pending Motion to Dissolve the Temporary Restraining Order ("Motion").

      First, we recognize and respect Plaintiffs' need for representation in this matter. Ms. Clarke Smith indicated Plaintiffs would have counsel within "no more than one week."[1] The Court must balance Plaintiffs' need for representation against Defendants' right to prompt consideration of the Motion (as reflected in the unusual 2-day notice period set forth in FRCP 65(b)(4)). Defendants' constitutional rights are infringed every day the TRO is in effect. The Court should expedite consideration of the Motion. Given Ms. Clarke Smith's assurance of obtaining counsel soon, Defendants recommend a return date no later than December 14, 2023.

      Contrary to Ms. Clarke Smith's assertion, the Motion is in no way defective. A Notice of Motion is not rendered defective by virtue of including the wrong address in the body of the notice, especially where, as here, Plaintiffs are aware this Court sits in Central Islip and

---

[1] While Plaintiffs have the right to select whatever counsel they desire, or change counsel, we note that they already have counsel representing them in this case. Plaintiffs' attorneys have been notified of the removal and have received copies of all of Defendants' filings. In fact, Vesselin Mitev, Plaintiff Clarke Smith's individual counsel, is already admitted to this Court. David A. Smith, who represents all four Plaintiffs, has been alerted through docket entry of the opportunity to appear *pro hac vice*.

Defendants filed the Motion to the correct docket. Defendants' request for oral argument complies with Your Honor's Individual Rule 5.7 ("A party may request oral argument on a motion by writing 'Oral Argument Requested' on the Notice of Motion").

Ms. Clarke Smith inaccurately describes the events leading up to the state-court TRO. As set forth in the Declaration of Lisa Ohta, submitted with the Motion, Judge Muraca of the New York Supreme Court, Nassau County, held a brief conference call with the parties prior to granting the TRO. There was no "hearing" or "oral argument" on the day the TRO issued. In fact, Plaintiffs had not served or otherwise sent Defendants their moving papers until Judge Muraca directed them to e-mail the papers to Defendants' counsel on that conference call. The text of the order itself establishes that Judge Muraca based the TRO exclusively on "the specific allegations set forth in the Verified Complaint," and not on any arguments by the parties.

In any event, Defendants may move to dissolve the TRO whether the state court issued the order with notice or without. Federal rules apply following removal, including limitations on the duration of TROs. As Ms. Clarke Smith wrote, Judge Muraca extended the TRO indefinitely, pending a decision. Indefinite TROs are forbidden in federal court. The TRO will expire by operation of law on December 15, 2023, fourteen days after removal. However, Defendants are permitted to move to dissolve the TRO before that date, and the Court is obligated to decide the Motion as promptly as possible.

Finally, concerning the anticipated motion to remand referenced in Ms. Clarke Smith's letter, Defendants respectfully request that the Court consolidate proceedings on any such motion with the proceedings on the Motion to Dissolve, or postpone the remand issue until after the Motion to Dissolve is decided. Ms. Clarke Smith indicates that Plaintiffs will challenge removal based on subject-matter jurisdiction. This is a purely legal issue decidable on the face of the Complaint.[2] It should not delay resolution of the TRO question.

Respectfully submitted,

Aleksandr L. Felstiner

---

[2] Removal was proper and Plaintiffs have no basis for remand. Federal courts have original jurisdiction over the federal labor law claim – breach of the duty of fair representation – that Plaintiffs chose to bring in state court.