# SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

sara.raisner@shearman.com
212.848.4000

**Via ECF**

December 11, 2023

Hon. Nusrat J. Choudhury
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Clarke et al. v. ALAA et al. (2:23-cv-08869) (NJR) (ARL)**
**Letter Motion to Adjourn Hearing on Defendants' Motion to Dissolve the TRO**

Dear Judge Choudhury:

    We were engaged today as pro bono counsel for Plaintiffs Diane T. Clarke, Ilana Kompar, Isaac Altman, and David Rosenfeld ("Plaintiffs") in the above-referenced case.

    Pursuant to Local Rules 5.2(b) and 7.1(d) of the United States District Courts for the Southern and Eastern Districts of New York, as well as Rules 1.7.1 and 1.7.3 of the Individual Rules of Judge Nusrat J. Choudhury, Plaintiffs respectfully move to adjourn (i) Plaintiffs' deadline to oppose Defendants' Motion to Dissolve the TRO issued by the state court on November 17, 2023, currently set for 5:00 PM on December 12, 2023, <u>by one day</u> and (ii) this Court's hearing on that Motion to Dissolve, currently set for 4:00 pm on December 13, 2023, in Courtroom 1040 in Central Islip, <u>by at most two days</u>.

    Specifically, Plaintiffs respectfully request the following schedule for Defendants' Motion to Dissolve the TRO:

- Plaintiffs shall file their opposition to the Motion to Dissolve the TRO by no later than **December 13, 2023, at 5:00 PM**.

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

- A hearing on the Motion to Dissolve the TRO on either of **December 14, 2023** or the **morning of December 15, 2023**, or on a date thereafter the Court is available to hold such a hearing.

This is Plaintiffs' first request for an adjournment. Plaintiffs require this requested adjournment because counsel was engaged today—one day before Plaintiffs' opposition is due and two days before the hearing.

Defendants have refused to consent to this modest request. Plaintiffs first proposed a reasonable adjournment of four days to file their opposition by Monday, December 18, 2023 and then appear at the Court's earliest availability. Defendants objected, arguing that they should be entitled to be heard on the dissolution of the indefinite TRO issued by the state court by December 15 because that is 14 days after removal.[1] Even though Plaintiffs maintain that the TRO is indefinitely in place until lifted (issued and extended, ***on notice, with briefing and argument***)—and akin to a preliminary injunction—Plaintiffs in the interest of compromise sought Defendants' consent to a single-day adjournment which would not frustrate a hearing by December 15. Defendants did not consent to that, either, and have indicated they will oppose any extension whatsoever.

Defendants did not file their motion to dissolve the TRO until nearly three weeks after it was issued, and more than two weeks after the state court extended the TRO indefinitely after a subsequent hearing. There is no prejudice and the proposed adjournment of a single day will not affect any other scheduled dates or proposed dates in this case. Today, the parties met, conferred, and jointly proposed a briefing schedule for Defendants' forthcoming motion to dismiss and Plaintiffs' potential motion to remand, if any, which the Court adopted. (ECF No. 13.) Plaintiffs' proposed adjournment would leave in place that proposed schedule.

Deferring any potential dissolution of the TRO during this extremely limited adjournment, as now requested by Plaintiffs, will not prejudice Defendants. Accordingly, Plaintiffs respectfully request that the Court grant their request for an adjournment of the deadline to file their opposition and the hearing on the Motion to Dissolve the TRO.

Respectfully Submitted,

/s/ Sara N. Raisner
Sara N. Raisner (pro hac vice pending)

Cc: Allyson L. Belovin
    Aleksander L. Felstiner

---

[1] There is no dispute that the TRO was issued and extended on notice by the state court and, *in Defendants' words to this Court*, "extended . . . indefinitely pending a decision" on the relief sought by Plaintiffs. (Letter of Defendants at 2, dated Dec. 8, 2023, ECF No. 11.)) That is why Plaintiffs have moved to dissolve.