# Levy Ratner

*Attorneys*

| | | |
|---|---|---|
| Daniel J. Ratner | Robert H. Stroup | Kimberly A. Lehmann* |
| Pamela Jeffrey | Dana E. Lossia▪ | Aleksandr L. Felstiner♦ |
| Carl J. Levine* | Micah Wissinger | Jessica I. Apter* |
| David Slutsky* | Ryan J. Barbur | Geoffrey A. Leonard♦ |
| Allyson L. Belovin | Laureve D. Blackstone* | |

*Of Counsel*

Patricia McConnell
Linda E. Rodd

*Special Counsel*

Richard A. Levy
Daniel Engelstein
Richard Dorn

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175
o  212.627.8100
f  212.627.8182
levyratner.com

December 12, 2023

**BY ECF**

Hon. Nusrat J. Choudhury
100 Federal Plaza
Central Islip, NY 11722

  Re:  **Clarke et al. v. ALAA (2:23-cv-08869)**

Dear Judge Choudhury:

  We write on behalf of Defendants in response to Plaintiffs' December 11, 2023 request to extend their time to submit an opposition to Defendants' Motion to Dissolve the Temporary Restraining Order ("Motion to Dissolve") and to adjourn the hearing on that motion. Defendants recognize that Plaintiffs seek only a one-day or two-day adjournment which, on the surface, may appear "modest." However, the TRO at issue infringes upon Defendants' important constitutional rights and even a "modest" delay causes substantial harm. For that reason, and because Plaintiffs have had counsel in this case for sufficient time, Defendants oppose any further delay in resolving the Motion to Dissolve.[1]

  Defendants filed the Motion to Dissolve on December 6 and set a return date on December 8, pursuant to FRCP 65(b)(4) (providing for a 2-day notice period). On December 7, Plaintiff wrote to the court and, among other things, requested an adjournment so that Plaintiffs could arrange for counsel to appear in federal court. Vesselin Mitev, Esq. has represented Plaintiff Diane Clarke Smith since November 17, 2023, and has represented all Plaintiffs since at

---

[1] In their December 11 letter, Plaintiffs make various assertions regarding the status of the TRO. We do not address the merits assertions here as this letter is limited to responding to Plaintiffs' adjournment request. It is worth noting, however, that an indefinite extension of a TRO is impermissible under federal law. *See Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842 (2d Cir. 1962). Also, the TRO cannot be viewed a "akin to a preliminary injunction," as the state court never made the findings necessary for a preliminary injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 443 (1974).

*Advancing the rights of everyone who works*

\*  Admitted in NY and NJ. ▪ Admitted in NY, NJ and CA. • Admitted in NY and CA. ♦ Admitted in NY and MI.

least December 8. Additionally, David A. Smith, Esq. continues to represent Plaintiffs.[2] On this basis the Court granted Plaintiffs' requested adjournment.

The Court initially instructed Plaintiffs to submit an opposition to Defendants' Motion to Dissolve by noon on December 11, 2023 and set a hearing on the motion for the afternoon of December 12, 2023. Mr. Mitev requested those dates be moved back one week, and while the Court declined that request, it agreed to move Plaintiffs' opposition deadline back a day and a half, to 5:00 PM on December 12, 2023 and set the hearing for 4:00 PM on December 13. This eliminated Defendants' opportunity for a written reply.[3]

Now, Plaintiffs request further delay. Specifically, they seek until 5PM on December 13, 2023 to submit their opposition to the Motion to Dissolve and that the hearing be adjourned until December 14 or 15. The purported basis for the request -- the addition of Sherman & Sterling as counsel – does not support further delay. Plaintiffs have had competent counsel in this matter since the initial filing of the state court action and such counsel continue to represent them in federal court. That Plaintiffs' have added more counsel to their team does not warrant an adjournment, particularly where Defendants constitutional rights hang in the balance. Plaintiffs created the urgency of this case by seeking injunctive relief prior to a hearing on the merits and assumed the risk of removal by filing a federal claim in state court. They must now be prepared to justify a continued right to injunctive relief. The TRO, imposed on November 17, 2023, has infringed upon Defendants' free speech rights for 24 days and counting. Each additional day that the TRO is in place imposes further and substantial harm to the Union and its members.

Should the Court grant Plaintiffs' requests and a decision on the Motion to Dissolve is not made prior to December 15, 2023 (14 days after this action was removed to federal court), Defendants request confirmation from the Court that on that date the TRO will expire, by operation of law. *See* FRCP 65(b)(2); *Granny Goose*, 415 U.S. at 415 U.S. at 439–40; *Pan Am.*, 306 F. 2d at 842; *Carrabus v. Schneider*, 111 F. Supp. 2d 204, 210-11 (E.D.N.Y. 2000).

Respectfully submitted,

Allyson L Belovin

---

[2] David A. Smith advised this Court on December 8, 2023 that he would submit a motion to appear *pro hac vice* by Monday, December 11, 2023, but he has not done so.

[3] The Court did provide Defendants with an opportunity to provide a one-page reply limited only to the issue of subject matter jurisdiction. In recognition of Plaintiffs' need for counsel, Defendants did not object having only this limited opportunity to reply because they were willing to forego a more extensive reply to obtain an earlier hearing on the Motion to Dissolve.