**SHEARMAN & STERLING LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

jeff.hoschander@shearman.com
212.848.4000

**Via ECF**

December 12, 2023

Hon. Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Clarke et al. v. ALAA et al. (2:23-cv-08869) (NJC) (ARL)**
**<u>Letter Motion to Adjourn Hearing on Defendants' Motion to Dissolve the TRO</u>**

Dear Judge Choudhury:

      We write on behalf of Plaintiffs in the above-referenced case to respond to Defendants' request in the letter they filed earlier today that, "[s]hould the Court grant Plaintiffs' requests and a decision on the Motion to Dissolve is not made prior to December 15, 2023 (14 days after this action was removed to federal court), Defendants request confirmation from the Court that on that date the TRO will expire, by operation of law." ECF No. 17 at 2. In the event the Court grants Plaintiffs' modest adjournment request but the hearing on Defendants' Motion to Dissolve cannot be held until after December 15, 2023, Plaintiffs respectfully request that the Court clarify that the existing injunction pursuant to the state court TRO remains in place until at least such time as the Court is able to hold the pending hearing, even if that hearing does not occur until after December 15.

      There is no dispute that the state court's indefinite extension of the TRO was on notice with argument, rather than *ex parte*. *See* Dec. 8, 2023 Minute Entry ("The Court further stated . . . *Judge Muraca's November 21, 2023 continuance of the TRO was done following briefing and oral argument. The parties indicated they agreed with this understanding*." (emphasis added).). Thus, Defendants' assertion that the injunctive relief issued by the state court somehow will expire by operation of law is simply wrong.

**SHEARMAN.COM**

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

December 12, 2023

  It is also contrary to an express statute, to which this Court alluded. *See id*. "Whenever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.[1]

  Regardless, the Court plainly has the authority to extend the injunctive relief at least until it has an opportunity to have a hearing on whether the injunction should remain in place. Accordingly, Plaintiffs respectfully request that in the event the Court re-schedules the hearing on Defendants' Motion to Dissolve for a date after December 15, 2023, that the Court clarify that the injunctive relief under the TRO remains in place until such time as the Court holds a hearing and issues a determination on whether that injunctive relief should continue.

Respectfully submitted,

*/s/ Jeffrey D. Hoschander*
Jeffrey D. Hoschander

Cc: All Counsel (via ECF)

---

[1]  Moreover, the 14-day limitation under Federal Rule of Civil Procedure 65(b)(2) applies only to *ex parte* TROs—but not, as here, to injunctive relief granted on notice and with argument. *See, e.g., Bonechi v. Irving Weisdorf & Co.*, No. 95-cv-04008, 1995 WL 731633, at *2 (S.D.N.Y. Dec. 8, 1995) ("[Rule 65(b)]'s [fourteen-]day limitation on the effectiveness of a temporary restraining order clearly applies to those orders that are granted *ex parte*. There is no indication in Rule 65(b) that temporary restraining orders granted with notice to the defendant also must expire after [fourteen] days."); *United States v. Am. Soc. of Composers, Authors & Publishers*, 1971 WL 509, at *1 (S.D.N.Y. Jan. 23, 1971) ("Since this was a temporary restraining order granted on notice . . . , the [fourteen] day limitation of Rule 65(b) . . . is not applicable."), *aff'd*, 442 F.2d 601 (2d Cir. 1971).