# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Diane T. Clarke, et al.<br><br>                             Plaintiffs,<br><br>                    -v-<br><br>The Association of Legal Aid Attorneys, Amalgamated Local Union 2323 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO, et al.,<br><br>                            Defendants. | 2:23-cv-8869<br>(NJC) (ARL) |

## **MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

      Pending before the Court is Defendants' Motion to Dissolve the Temporary Restraining Order (TRO) issued by the Supreme Court of Nassau County prior to removal of this action to this Court. ECF Nos. 5–7. The Court ordered Plaintiffs to respond to, Defendants' Motion by today, December 12, 2023, at 5:00pm, and scheduled a hearing for December 13, 2023 at 4:00pm. Min. Entry Scheduling Order Dec. 8, 2023. Plaintiffs have since requested an extension of time to file their response until December 13, 2023 at 5:00 p.m. and an adjournment of the hearing date until December 14 or 15, 2023. Pls.' Mot. Extension, ECF No. 16. Defendants oppose that request. Defs.' Opp'n Extension, ECF No. 17. The parties dispute whether the state court order at issue is a temporary restraining order that is indefinite or one that will expire in fourteen (14) days under Rule 65(b) of the Federal Rules of Civil Procedure. Min. Entry Scheduling Order Dec. 8, 2023; *see also* Letter Defs, Dec. 8, 2023, ECF No. 11 at 2.

      The Court has reviewed the transcript of the November 21, 2023 hearing on Plaintiffs' request for a TRO before Justice Felice Muraca of the Supreme Court of Nassau County. *See*

Nov. 21, 2023 Hr'g Tr., *Clarke v. Ass'n Legal Aid Attorneys, Amalgamated Loc. Union 2323 Int'l Union, United Auto., Aerospace, Agricultural Implement Workers Am. (UAW), AFL-CIO, et al.*, Index No. 618764/2023. It is clear from the transcript that Justice Muraca continued the TRO on the record. Justice Muraca stated:

> As far as today is concerned, the TRO will continue until such time as a decision is issued by this court. I am going to set a control date 35 days from today. I expect to have my decision within the statutory prescribed 30-day period. So the TRO remains in effect. . . . **That constitutes the decision and order of this court today**.

*Id.* 47:17–19, 24–25 (emphasis supplied). Thus, on December 1, 2023, when Defendants removed the action to this Court, *see* Not. Removal, ECF No. 1, the state court order in effect was a temporary restraining order.

Under the Federal Rules of Civil Procedure, where a state court entered a TRO in a case that was subsequently removed to federal court, the TRO expires by operation of law at the latest fourteen (14) days after removal. *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."); *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439–40 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal."); *Carrabus v. Schneider*, 111 F. Supp. 2d 204, 211 (E.D.N.Y. 2000) (duration of a TRO entered by a New York state court "will be cut back to the [applicable period under the Federal Rules] when the case is removed, measured from the removal itself.") (citation omitted). The Second Circuit has made clear that there is no authority for an indefinite temporary restraining order in federal court.

*See Pan American World Airways, Inc. v. Flight Engineers' Int'l Assn.*, 306 F.2d 840, 842 (2d Cir. 1962) ("The fact that notice is given and a hearing held cannot serve to extend indefinitely beyond the period limited by [Rule 65(b)] the time during which a temporary restraining order remains effective. The statute contemplates that notice and hearing shall result in an appropriate adjudication, i.e., the issuance or denial of a preliminary injunction, not in extension of the temporary stay.") (citations omitted); *Carrabus*, 11 F. Supp. 2d at 210–211 (applying Rule 65(b) to a TRO issued prior to removal by a state court after a hearing where both parties were present). "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc.*, 415 U.S. at 437; *see Lapa v. JP Morgan Chase Bank, N.A.*, No. 21 CIV. 04737 (NSR), 2022 WL 3290677 (S.D.N.Y. Aug. 11, 2022) (granting defendant's motion to dissolve TRO entered by state court prior to removal because the TRO did not comply with Rule 65(b)).

Having clarified the nature of the order that is the subject of the parties' dispute, the Court grants Plaintiffs' request for an extension of time. Accordingly, Plaintiffs' response to Defendants' Motion to Dissolve the TRO is due by December 13, 2023 at 5 p.m. If Plaintiffs raise any challenges to subject matter jurisdiction issues in that submission, Defendants' reply will be due by December 14, 2023 at 2 p.m. The hearing on the motion is re-scheduled to December 15, 2023 at 10 a.m. in Courtroom 1040 in Central Islip.

Dated: Central Islip, New York
December 12, 2023

                                                _____/s Nusrat J. Choudhury_____
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge